## INGRAHAM *v.* CARICABURA.

Writ of error does not lie to a judgment on a feigned issue, directed and tried by the Common Pleas to determine the right of a removed assignee for creditors on a claim for advances and expenses on account of the estate; the proceeding being of chancery jurisdiction, and the remedy by appeal.

*April* 10.   UPON a reference to an auditor of the accounts of the assignee, for the creditors of Laussatt, a suggestion was made by the auditor, on which the court of Common Pleas directed an issue to try the right of the administrator of the former assignee, who had been removed by order of the court, and who claimed for payments and advances alleged to have been made for the benefit of the estate; the matter still remaining before the auditor to await the determination of this issue. On the trial a verdict was found for the defendant, and this writ of error sued out by the administrator.

*C. Ingersoll* now moved to quash the writ. Baker *v.* Williamson, 2 Barr, 116, rules this case. The question arises out of the jurisdiction over trusts which has been given to the Common Pleas. The proceeding was in the nature of a bill to surcharge an account of the assignee, and this was a collateral issue to inform the conscience of the court.

*Ingraham,* contrà.—The difference between the cases is admitted; that was in chancery; this is on the law side of the court. It is a specially delegated jurisdiction, and the equity powers are given with an express exception of this class of cases by the act of 14th June, 1836, sec. 15. The rule is, wherever the matter assumes a common law form, writ of error lies; and here the original jurisdiction was at law; Commonwealth *v.* Beaumont, 4 Rawle, 366; Commonwealth *v.* Huntingdon Bank, 2 Penna. Rep. 438; 3 Penna. Rep. 185, 204; 7 Serg. & Rawle, 411; 17 Serg. & Rawle, 12; 5 Serg. & Rawle, 143; 14 Serg. & Rawle, 137, 166. At all events, this is a motion addressed to the discretion of the court, 1 Rawle, 317; 6 Binn. 128.

*J. M. Read,* contrà.—The case of Commonwealth *v.* Judges of Common Pleas, 4 Barr, 301, is so directly in point as to preclude argument.

PER CURIAM.—This case is ruled by the principle of Baker *v.* Williamson. The subject of it, being a trust, is, in its essence, a matter of chancery cognisance; and as such it has been committed by statute to the Common Pleas. Besides, there is an appeal to this court, which may involve a motion for a new trial, and in which the matters assigned for error may be examined; consequently it is premature to agitate them now.

Writ of error quashed.